**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3055-19

THE BANK OF NEW YORK
MELLON f/k/a THE BANK OF
NEW YORK, AS TRUSTEE FOR
THE CERTIFICATE HOLDERS OF
THE CWABS, INC. ASSET
BACKED CERTIFICATES,
SERIES 2007-9,

     Plaintiffs-Respondents,

v.

KELLAR COVINGTON JR.,
Individually and as the
Administrator for the
Estate of DOLORES
COVINGTON,

     Defendants-Appellants,

and

MRS.KELLAR COVINGTON JR.,
His Wife, TEIRA LAROSE,
DOLORES COVINGTON, Her
Heirs, Devisees, and Personal
Representatives and His, Her, or
Any of Their Successors in Right,
Title, and Interest, BANK ONE n/k/a

JP MORGANCHASE BANK, N.A.,
CBS OUTDOOR, INC., STATE
OF NEW JERSEY, PROPONENT
FEDERAL CREDIT UNION,
UNITED STATES OF AMERICA,
JOHN SMITH, VALLEY
NATIONAL BANK, VALLEY
NATIONAL BANK BRANCH 115,

 Defendants.

_____

ANTHONY COEHELO and
FOREL ENT., LLC,

 Intervenors-Respondents.

_____

Submitted March 1, 2021 – Decided March 18, 2021

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-008310-15.

Kellar Covington Jr., appellant pro se.

John Motta, attorney for intervenor-respondent Forel Ent., LLC.[1]

PER CURIAM

---

[1] After successfully bidding at a sheriff's sale, intervenor Forel Ent., LLC (Forel) is the current owner of the property at issue in this appeal.

Defendant Kellar Covington Jr.[2] appeals from two separate March 18, 2020 orders. One order denied his motion "to strike and invalid[ate a] sheriff's deed from the land use records of Union County entered on February 4, 2020" and the other order denied his motion to void a February 12, 2020 writ of possession. We affirm for the reasons expressed by Judge Joseph P. Perfilio.

Defendant failed to timely appeal the 2019 judgment of foreclosure. Only the two March 18, 2020 orders entered subsequent to the judgment of foreclosure are the subject of defendant's appeal. We summarize the facts relevant to defendant's appeal from the March 18, 2020 orders.

In 2007, Dolores Covington executed loan documents, including a note for the sum of $292,500, and a mortgage on a residential property she owned in Hillside, New Jersey (Property) to secure the loan.

In 2010, Dolores Covington defaulted on the payments due on the note. In September 2011, the note and mortgage were assigned to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-9 (Bank). In November 2013, the Bank served a notice of intention to foreclose on the Estate

---

[2] Kellar Covington Jr. is the son of Dolores Covington and the executor of his deceased mother's estate. In this appeal, we refer to Kellar Covington Jr. as defendant.

of Dolores Covington. The notice was sent to the Property address, where defendant resided.

The Bank filed a foreclosure complaint, and defendant answered. Subsequently, defendant moved to dismiss the Bank's complaint. The motion judge denied defendant's motion and, sua sponte, entered an order striking defendant's answer. The Bank obtained a final judgment in foreclosure on May 1, 2019. Defendant filed a series of unsuccessful post-judgment motions challenging the foreclosure judgment.

The Property was listed for a sheriff's sale. On July 23, 2019, defendant filed a motion to stay the sheriff's sale, which was denied the same day. The next day, Forel purchased the Property at the sheriff's sale. Defendant objected to the sale of the Property, but his objections were rejected by the motion judge.

On January 31, 2020, Forel received an executed deed to the Property from the sheriff. On February 12, 2020, Forel obtained a writ of possession for the Property.

In February 2020, defendant filed a motion "to strike and invalidate the [s]heriff's deed from the land use records" and a motion to void the writ of possession. Defendant argued the sheriff's sale was improper and the writ of

4

possession should be voided pursuant to Rule 4:50-1(a).  Forel opposed the motions.

In two separate March 18, 2020 orders, Judge Perfilio denied defendant's motions.  The judge found defendant failed to "demonstrate that the [s]heriff's deed, [w]rit of [p]ossession, final judgment, or [w]rit of [e]xecution were the result of mistake, inadvertence, surprise, or excusable neglect in accordance with Rule 4:50-1(a)."  Judge Perfilio further held defendant "fail[ed] to establish the presence of any equitable considerations to justify vacating any previously filed orders in this matter" and "did not attempt to provide evidence of a meritorious defense worthy of judicial determination."

The judge also noted defendant sought reconsideration under Rule 4:49-2, despite his failure to identify the specific basis for the relief requested.  Judge Perfilio denied reconsideration because defendant "fail[ed] to demonstrate that the [c]ourt based its decision upon a palpably incorrect or irrational basis or that it failed to appreciate the significance [of] probative, competent evidence, in accordance with Rule 4:49-2 . . . for granting the [w]rit of [p]ossession or final judgment in this matter."  Moreover, the judge stated defendant "fail[ed] to state with any specificity, the basis upon which these motions were made" and defendant's prior motions for reconsideration were fully reviewed and denied.

A-3055-19

He also found defendant "merely relie[d] on general, bare assertions to dispute the validity of this entire foreclosure action."  Judge Perfilio concluded, "[a]t this stage of litigation, it should be clear that the only proper form of recourse available to [d]efendant . . . is to seek relief through a notice of appeal."

On appeal, defendant renews the arguments presented to the trial court. Specifically, defendant claims the trial court failed to set aside the sheriff's deed because there was no admissible evidence to prove the sale was authorized by the statute.  He also contends the sale was conducted by the sheriff when the evidence demonstrated the sale was improper.  We disagree and affirm for the written reasons expressed by Judge Perfilio.  We add the following comments.

Rule 4:50–1 "is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'"  US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Mancini v. EDS, 132 N.J. 330, 334 (1993)).  A decision to vacate a judgment lies within the sound discretion of the trial judge, guided by principles of equity.  Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994).

A trial court's decision on a motion to vacate a judgment under Rule 4:50-1 is reviewed for abuse of discretion.  Guillaume, 209 N.J. at 467.  An abuse of

6

discretion exists if a decision lacks "rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (quoting Iladis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). To prevail on a motion to vacate a judgment, the movant must prove both excusable neglect and a meritorious defense. Id. at 468-69.

A general equity judge "has the authority to set aside a sheriff's sale" in his or her discretion upon "considerations of equity and justice." First Tr. Nat'l. Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999) (citing Crane v. Bielski, 15 N.J. 342, 346, 359 (1954)). In addition, a court may set aside a sheriff's sale for "fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, or for other equitable considerations." Id. at 50 (citing Karel v. Davis, 122 N.J. Eq. 526, 528 (E & A 1937)). Motions to set aside a sheriff's sale will be overturned "if they were made under a misconception of the applicable law." Id. at 49 (quoting O'Neill v. City of Newark, 304 N.J. Super. 543, 550 (App. Div. 1997)).

Defendant argues the sheriff's sale did not comply with the requirements of N.J.S.A. 2A:50-64. Specifically, defendant contends the Bank and Forel did not comply with the statute's requirement indicating "the successful bidder at the sheriff's sale shall pay a 20 percent deposit in either cash or by a certified or

cashier's check, made payable to the sheriff of the county . . . immediately upon the conclusion of the foreclosure sale." N.J.S.A. 2A:50-64(a)(4). Defendant also contends Forel failed to prove it was the successful bidder at the sheriff's sale and, therefore, the sale should be vacated.

Here, there is nothing in the record to support defendant's claim of any irregularities or failures to comply with statutory law regarding the sale of the Property. Forel paid $208,000 at the sheriff's sale to acquire the Property, possessed a valid deed to the Property, and timely recorded that deed. In addition, Forel holds a valid writ of possession for the Property signed by the County Clerk. Defendant failed to present any evidence of fraud or deceit associated with Forel's acquisition of the Property and, therefore, failed to satisfy the requirements of Rule 4:50-1 or establish the elements necessary to set aside the sheriff's sale.

Having reviewed the record, we are satisfied Judge Perfilio did not abuse his discretion in denying defendant's motion to strike and invalidate the sheriff's sale and deed or in denying the motion to vacate the writ of possession.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3055-19